IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORIN KRISTICH,

    Petitioner,

vs.                                                                                                        No. 19-cv-836 RB-JFR

FNU JUDD,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Orin Kristich's *pro se* habeas petition under 28 U.S.C. § 2241. (CV Doc. 1.) Kristich asks the Court to dismiss his federal criminal charges for lack of jurisdiction. He argues he is not subject to federal prosecution because he lives in New Mexico, a "sovereign and independent state," rather than on federal lands. (*Id.* at 11.) Having carefully reviewed the Petition, the Court finds no relief is available.

**I.**    **Background**

In 2018, Kristich was charged with knowingly transporting an underage girl in interstate commence with the intent of engaging in sexual activity in violation of 18 U.S.C. §§ 2423(a) and (e). (CR Doc. 6.)[1] The Criminal Complaint alleges that Kristich picked up a thirteen-year-old girl in Pueblo, Colorado on the pretext of driving her to Michigan, where her father resides. (CR Doc. 1 at 2.) He instead transported her to a residence in Albuquerque, New Mexico, where he purportedly locked her in a closet under the staircase and raped her. (*Id.* at 3.) The victim eventually convinced Kristich to connect her cellular telephone to the internet, and she used internet calling to dial 911. (*Id.*)

Kristich was arrested on or about August 14, 2018. He initially agreed to remain in pretrial

---

[1] All "CR Doc." references are to the related criminal case, 18-cr-2635 WJ.

detention. (CR Doc. 15.) The criminal matter is pending before the Honorable William P. Johnson, and a trial is set for July 6, 2020. (CR Doc. 45.) Kristich filed the instant § 2241 Petition on September 10, 2019. The Petition purports to challenge a "decision or action" that took place in the criminal case on September 5, 2019. (CV Doc. 1 at 2.) However, the criminal docket reflects there was no case activity on that date, or even in the month of September 2019. The Petition goes on to clarify that Kristich seeks to "dismiss the indictment due to lack of jurisdiction." (*Id.* at 7.)

Kristich argues the District Court lacks jurisdiction to try and convict "non-citizen national[s]" outside of their "defacto sovereign government monarchy." (*Id.* at 9.) He appears to allege that the federal government only has jurisdiction over "three foreign nation corporation[s]:" the "Vatican, the City of London, and . . . Washington, D.C." (*Id.*) Kristich has lived in New Mexico "since birth," and believes "the people of [New Mexico] have the . . . right to govern themselves as a free, sovereign, and independent state." (*Id.* at 11.) Kristich also alleges he has "no contacts with the United States government," and is "not domiciled on federal territory." (*Id.* at 13.) Kristich paid the $5 habeas fee on February 21, 2020, and the matter is ready for initial review.

**II.    Discussion**

The Petition is governed by Habeas Corpus Rule[2] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[,] . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Proceedings in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

respondent to file an answer . . . ." *Id.*

Relief is only available under § 2241 where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The laws that Kristich describe, which style New Mexico as a sovereign nation and its citizens free from federal prosecution, do not exist. The relevant law governing federal criminal jurisdiction is 18 U.S.C. § 3231. Under that statute, Federal District Courts have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." *Id.* A grand jury indicted Kritisch, finding probable cause to believe he transported a minor in interstate commence in violation of 18 U.S.C. §§ 2423(a) and (e). The fact that Kristich does not live on federal land or have extensive dealings with the federal government has no bearing on whether he is subject to criminal prosecution for violating federal law. Kristich has therefore failed to allege a violation of federal law, and the Court cannot dismiss the indictment for lack of jurisdiction.

The Court also observes that, even if Kristich alleged a violation of federal law, the Petition would still be summarily dismissed. To be eligible for habeas relief under § 2241, a federal pretrial detainee must first exhaust other available remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (petitioner must exhaust all remedies before seeking relief under § 2241); *Jones v. Perkins*, 245 U.S. 390, 391-392 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). As the Tenth Circuit explained, "[a]llowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage 'judge shopping.'" *Hall v. Pratt*, 97 F. App'x. 246 (10th Cir. 2004); *see also Ray v. Denham*, 626 F. App'x

218, 219 (10th Cir. 2015) (citing a collection of cases that "applied the exhaustion rule to deny habeas relief to federal detainees who filed habeas applications while their federal criminal cases were pending"). The criminal docket plainly reflects that Kristich has not filed a motion to dismiss the indictment based on lack of jurisdiction.[3] *See* Docket Sheet in Case No. 18-cr-2635 WJ. Kristich therefore failed to exhaust available remedies before seeking habeas relief.

For these reasons, the Court will dismiss the Petition as without merit and for failure to exhaust available remedies. To the extent necessary, the Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment . . . debatable or wrong").

**IT IS ORDERED** that Orin Kristich's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (CV Doc. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied; and the Court will enter a separate judgment resolving the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[3] Kristich should not interpret this as an invitation to file a *pro se* motion before Chief Judge Johnson. The jurisdiction argument is frivolous, as explained above, and Chief Judge Johnson has already ruled that he will not consider *pro se* filings in the criminal case. (*See* CR Doc. 42 (quoting *United States v. Couch*, 758 F. App'x 654, 656 (10th Cir. 2018) ("You either represent yourself or you're represented by counsel.")).)